**18SL-CC04813**

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

STATE OF MISSOURI     )
                                  )
COUNTY OF ST. LOUIS    )

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

MARILYN MARGULIS,

      Plaintiff,

v.

HOMEADVISORS, INC.,
      Serve:  C T CORPORATION SYSTEM,
      Registered Agent
           120 South Central Ave
           Clayton, MO 63105
           St. Louis County

and

JOHN DOES 1-10,

      Defendants.

Cause No.

Division

ST. LOUIS COUNTY SHERIFF

HOLD SERVICE

## PETITION FOR BREACH OF TELEPHONE CONSUMER PROTECTION ACT AND BREACH OF MISSOURI MERCHANDISING PRACTICES ACT Chapter 407

## PARTIES
## PLAINTIFF

1.    Plaintiff is a resident of St. Louis County, Missouri and has residential telephone service at her residence using telephone numbers (636) 536-6446, (636) 812-2131 and (636) 536-6678.

2.    At all times relevant, Plaintiff Marilyn Margulis or her representative (hereinafter "Plaintiff") had telephone service at (636) 536-6446, (636) 812-2131 and (636) 536-6678.

3.    Plaintiff telephone number (636) 536-6446 is and was at all relevant times on the Missouri Do Not Call List.

4.    Plaintiff telephone number (636) 812-2131 is and was at all relevant times on the Missouri Do Not Call List.

5.    Plaintiff telephone number (636) 536-6678 is and was at all relevant times on the Missouri Do Not Call List.

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

6.      Plaintiff telephone number (636) 536-6446 is and was at all relevant times on the National Do Not Call List.

7.      Plaintiff telephone number (636) 812-2131 is and was at all relevant times on the National Do Not Call List.

8.      Plaintiff telephone number (636) 536-6678 is and was at all relevant times on the National Do Not Call List.

## DEFENDANTS
## HOMEADVISOR, INC.

9.      Defendant, HomeAdvisor, Inc., (hereinafter HomeAdvisor) is a foreign corporation located at14023 Denver West Pkwy, Suite 100, Golden, CO 80401 registered to do business in Missouri.

10.     C T Corporation System is the Registered Agent of the Defendant corporation HomeAdvisor, Inc. in Missouri.

11.     Defendant, HomeAdvisor, Inc., transacts any business in Missouri as contemplated by RSMo. §506.500(1) and this cause of action arises out of such transaction(s).

12.     Defendant, HomeAdvisor, Inc., has committed one or more tortious acts in Missouri as contemplated by RSMo. §506.500(3) and this cause of action arises out of such act(s).

### John Does 1-10

13.     Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

### ACTS OF AGENTS

14.     Whenever it is alleged in this Petition that Defendants did any act, it is meant that the Defendants performed, caused to be performed, and/or participated in the act and/or that Defendants' officers, employees, contractors, assigns, successors, predecessors, affiliates, or other agent performed or participated in the act on behalf of, for the benefit of, and/or under the authority of Defendants.

### COUNT ONE- DAMAGES

COMES NOW Plaintiff, Marilyn Margulis, and for her cause of action against Defendants states as follows:

### THE TELEPHONE CONSUMER PROTECTION ACT

15.     47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the promulgated thereunder regulations provides in pertinent part 64.12000(c)(2) et seg which states: (c) No

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

person or entity shall initiate any telephone solicitation to: ...(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.  Such do-not-call registrations must be honored indefinitely, ....".

16.     47 C.F.R.  64.1200(d)(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

17.     Under the TCPA, as interpreted by the Federal Communications Commission ("FCC"), a company on who's behalf a telephone solicitation is made bears ultimate responsibility for any violations of the TCPA.  *In re DISH Network, LLC,* 28 F.C.C. Rcd. 6574, 6590 (2013)

18.     Calls placed by a third party on behalf of that company are treated as if the company itself placed the call. *Id.*

19.     The phone calls at issue in this case were made by and/or for the benefit of Defendant.  Because these calls were made by or "on behalf" of Defendant, Defendant bears the responsibility for any violations of the TCPA, even if Defendant did not directly place the calls.  Defendant is also responsible for illegal actions of its agents and is also responsible for any illegal actions conducted in the course of any joint venture with any third party.

### THE MISSOURI NO-CALL LAW

20.     Mo. Rev. Stat. § 407.1098.1 provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

21.     A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

22.     A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

23.     Defendants call to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return.  Defendants' practice effectively forced Plaintiff to listen to Defendants' advertising campaign.

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

24.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

25.     Defendants' actions prevented the Plaintiff's telephone from being used for other purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

26.     Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

### THE MISSOURI TELEMARKETING LAW

27.      Mo. Rev. Stat. § 407.1076 provides in pertinent part:

> It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

> (3) Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

> (4) Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

28.     MO Rev. 407.1104  provides in pertinent part:

> 1. Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.
> 2. No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

### CALL ONE

29.     On or about June 29, 2018 at 2:07 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 536-6446 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

30.     Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

31.     Placing the call violated MO Rev. 407.1098.

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

32.     The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

33.     The CallerID transmitted in the call was "536-1091 - UNKNOWN NAME".

34.     The number "536-1091" is not a number assigned to Defendant and is a disconnected telephone number.

35.     Placing the call violated MO Rev. 407.1104.

36.     Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

37.     Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

## CALL TWO

38.     On or about June 30, 2018 at 3:52 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 536-6446 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

39.     Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

40.     Placing the call violated MO Rev. 407.1098.

41.     The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

42.     The CallerID transmitted in the call was "536-6322 - SALON BRANCA".

43.     The number "536-6322" is not a number assigned to Defendant and is a disconnected telephone number.

44.     Placing the call violated MO Rev. 407.1104.

45.     Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

46.     Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

47.     Plaintiff has received more than one telephone call from Defendant within a 12 month period.

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

**CALL THREE**

48.     On or about July 4, 2018 at 11:31 am, a telephone call was initiated to Plaintiff's residential telephone line at (636) 812-2131 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

49.     Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).
50.     Placing the call violated MO Rev. 407.1098.

51.     The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

52.     The CallerID transmitted in the call was "812-5570 - EXTERNAL CALL".

53.     The number "812-5570" is not a number assigned to Defendant and is a disconnected telephone number.

54.     Placing the call violated MO Rev. 407.1104.

55.     Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

56.     Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

57.     Plaintiff has received more than one telephone call from Defendant within a 12 month period.

**CALL FOUR**

58.     On or about July 4, 2018 at 12:30 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 536-6446 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

59.     Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

60.     Placing the call violated MO Rev. 407.1098.

61.     The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

62.     The CallerID transmitted in the call was "536-3318 - UNKNOWN NAME".

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

63.     The number "536-3318" is not a number assigned to Defendant and is a disconnected telephone number.

64.     Placing the call violated MO Rev. 407.1104.

65.     Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

66.     Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

67.     Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL FIVE

68.     On or about July 4, 2018 at 4:12 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 536-6446 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

69.     Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

70.     Placing the call violated MO Rev. 407.1098.

71.     The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

72.     The CallerID transmitted in the call was "536-1979 - UNKNOWN NAME".

73.     The number "536-1979" is not a number assigned to Defendant and is a disconnected telephone number.

74.     Placing the call violated MO Rev. 407.1104.

75.     Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

76.     Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

77.     Plaintiff has received more than one telephone call from Defendant within a 12 month period.

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

**CALL SIX**

78.     On or about July 4, 2018 at 6:58 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 812-2131 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

79.     Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

80.     Placing the call violated MO Rev. 407.1098.

81.     The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

82.     The CallerID transmitted in the call was "812-9734 - EXTERNAL CALL".

83.     The number "812-9734" is not a number assigned to Defendant and is a disconnected telephone number.

84.     Placing the call violated MO Rev. 407.1104.

85.     Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

86.     Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

87.     Plaintiff has received more than one telephone call from Defendant within a 12 month period.

**CALL SEVEN**

88.     On or about July 5, 2018 at 7:27 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 812-2131 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

89.     Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

90.     Placing the call violated MO Rev. 407.1098.

91.     The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

92.     The CallerID transmitted in the call was "812-4323 - EXTERNAL CALL".

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

93.     The number "812-4323" is not a number assigned to Defendant and is a disconnected telephone number.

94.     Placing the call violated MO Rev. 407.1104.

95.     Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

96.     Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

97.     Plaintiff has received more than one telephone call from Defendant within a 12 month period.

**CALL EIGHT**

98.     On or about July 6, 2018 at 9:25 am, a telephone call was initiated to Plaintiff's residential telephone line at (636) 536-6678 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

99.     Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

100.    Placing the call violated MO Rev. 407.1098.

101.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

102.    The CallerID transmitted in the call was "536-3748 - UNKNOWN NAME".

103.    The number "536-3748" is not a number assigned to Defendant and is a disconnected telephone number.

104.    Placing the call violated MO Rev. 407.1104.

105.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

106.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

107.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

**CALL NINE**

108.    On or about July 6, 2018 at 10:56 am, a telephone call was initiated to Plaintiff's residential telephone line at (636) 536-6678 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

109.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

110.    Placing the call violated MO Rev. 407.1098.

111.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

112.    The CallerID transmitted in the call was "536-6335 - UNKNOWN NAME".

113.    The number "536-6335" is not a number assigned to Defendant and is a disconnected telephone number.

114.    Placing the call violated MO Rev. 407.1104.

115.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

116.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

117.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

**CALL TEN**

118.    On or about July 6, 2018 at 12:58 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 536-6446 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

119.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

120.    Placing the call violated MO Rev. 407.1098.

121.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

122.    The CallerID transmitted in the call was "536-2149 - UNKNOWN NAME".

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

123.    The number "536-2149" is not a number assigned to Defendant and is a disconnected telephone number.

124.    Placing the call violated MO Rev. 407.1104.

125.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

126.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

127.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL ELEVEN

128.    On or about July 6, 2018 at 3:56 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 536-6678 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

129.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

130.    Placing the call violated MO Rev. 407.1098.

131.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

132.    The CallerID transmitted in the call was "536-1048 - UNKNOWN NAME".

133.    The number "536-1048" is not a number assigned to Defendant and is a disconnected telephone number.

134.    Placing the call violated MO Rev. 407.1104.

135.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

136.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

137.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

## CALL TWELVE

138.    On or about July 6, 2018 at 4:12 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 812-2131 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

139.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

140.    Placing the call violated MO Rev. 407.1098.

141.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

142.    The CallerID transmitted in the call was "812-1947 - EXTERNAL CALL".

143.    The number "812-1947" is not a number assigned to Defendant and is a disconnected telephone number.

144.    Placing the call violated MO Rev. 407.1104.

145.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

146.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

147.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL THIRTEEN

148.    On or about July 9, 2018 at 4:10 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 536-6446 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

149.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

150.    Placing the call violated MO Rev. 407.1098.

151.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

152.    The CallerID transmitted in the call was "536-7707 - HAIR SALOON FOR".

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

153.    The number "536-7707" is not a number assigned to Defendant and is a disconnected telephone number.

154.    Placing the call violated MO Rev. 407.1104.

155.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

156.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

157.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL FOURTEEN

158.    On or about July 9, 2018 at 4:44 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 812-2131 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

159.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

160.    Placing the call violated MO Rev. 407.1098.

161.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

162.    The CallerID transmitted in the call was "812-1649 - DIEBERGS MARKE".

163.    The number "812-1649" is not a number assigned to Defendant and is a disconnected telephone number.

164.    Placing the call violated MO Rev. 407.1104.

165.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

166.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

167.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

## CALL FIFTEEN

168.    On or about July 9, 2018 at 6:45 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 812-2131 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

169.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

170.    Placing the call violated MO Rev. 407.1098.

171.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

172.    The CallerID transmitted in the call was "812-1885 - FEDERAL STEEL".

173.    The number "812-1885" is not a number assigned to Defendant and is a disconnected telephone number.

174.    Placing the call violated MO Rev. 407.1104.

175.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

176.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

177.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL SIXTEEN

178.    On or about July 11, 2018 at 11:20 am, a telephone call was initiated to Plaintiff's residential telephone line at (636) 536-6446 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

179.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

180.    Placing the call violated MO Rev. 407.1098.

181.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

182.    The CallerID transmitted in the call was "536-1325 - UNKNOWN NAME".

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

183.    The number "536-1325" is not a number assigned to Defendant and is a disconnected telephone number.

184.    Placing the call violated MO Rev. 407.1104.

185.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

186.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

187.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL SEVENTEEN

188.    On or about July 11, 2018 at 3:10 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 812-2131 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

189.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

190.    Placing the call violated MO Rev. 407.1098.

191.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

192.    The CallerID transmitted in the call was "812-1386 - DIERBERGS MARKE".

193.    The number "812-1386" is not a number assigned to Defendant and is a disconnected telephone number.

194.    Placing the call violated MO Rev. 407.1104.

195.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

196.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

197.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

**CALL EIGHTEEN**

198.    On or about July 11, 2018 at 4:36 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 536-6678 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

199.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

200.    Placing the call violated MO Rev. 407.1098.

201.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

202.    The CallerID transmitted in the call was "536-7890 - UNKNOWN NAME".

203.    The number "536-7890" is not a number assigned to Defendant and is a disconnected telephone number.

204.    Placing the call violated MO Rev. 407.1104.

205.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

206.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

207.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

**CALL NINETEEN**

208.    On or about July 12, 2018 at 12:38 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 812-2131 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

209.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

210.    Placing the call violated MO Rev. 407.1098.

211.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

212.    The CallerID transmitted in the call was "812-5161 - EXTERNAL CALL".

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

213.    The number "812-5161" is not a number assigned to Defendant and is a disconnected telephone number.

214.    Placing the call violated MO Rev. 407.1104.

215.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

216.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

217.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL TWENTY

218.    On or about July 12, 2018 at 5:40 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 812-2131 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

219.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

220.    Placing the call violated MO Rev. 407.1098.

221.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

222.    The CallerID transmitted in the call was "812-1837 - BULL MOOSE TUBE".

223.    The number "812-1837" is not a number assigned to Defendant and is a disconnected telephone number.

224.    Placing the call violated MO Rev. 407.1104.

225.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

226.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

227.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

**CALL TWENTY-ONE**

228.    On or about July 13, 2018 at 10:46 am, a telephone call was initiated to Plaintiff's residential telephone line at (636) 812-2131 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

229.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

230.    Placing the call violated MO Rev. 407.1098.

231.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

232.    The CallerID transmitted in the call was "812-5287 - EXTERNAL CALL".

233.    The number "812-5287" is not a number assigned to Defendant and is a disconnected telephone number.

234.    Placing the call violated MO Rev. 407.1104.

235.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

236.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

237.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

**CALL TWENTY-TWO**

238.    On or about July 14, 2018 at 5:05 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 812-2131 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

239.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

240.    Placing the call violated MO Rev. 407.1098.

241.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

242.    The CallerID transmitted in the call was "812-1934 - EXTERNAL CALL".

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

243.     The number "812-1934" is not a number assigned to Defendant and is a disconnected telephone number.

244.     Placing the call violated MO Rev. 407.1104.

245.     Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

246.     Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

247.     Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL TWENTY-THREE

248.     On or about July 16, 2018 at 3:13 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 812-2131 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

249.     Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

250.     Placing the call violated MO Rev. 407.1098.

251.     The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

252.     The CallerID transmitted in the call was "812-1124 - EXTERNAL CALL".

253.     The number "812-1124" is not a number assigned to Defendant and is a disconnected telephone number.

254.     Placing the call violated MO Rev. 407.1104.

255.     Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

256.     Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

257.     Plaintiff has received more than one telephone call from Defendant within a 12 month period.

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

## CALL TWENTY-FOUR

258.    On or about July 17, 2018 at 3:44 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 812-2131 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

259.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

260.    Placing the call violated MO Rev. 407.1098.

261.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

262.    The CallerID transmitted in the call was "812-1460 - DIERBERGS MARKE".

263.    The number "812-1460" is not a number assigned to Defendant and is a disconnected telephone number.

264.    Placing the call violated MO Rev. 407.1104.

265.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

266.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

267.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL TWENTY-FIVE

268.    On or about July 18, 2018 at 1:27 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 812-2131 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

269.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

270.    Placing the call violated MO Rev. 407.1098.

271.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

272.    The CallerID transmitted in the call was "1-303-963-7287 - HOME ADVISORS".

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

273.    The number "1-303-963-7287" is not a number assigned to Defendant and is a disconnected telephone number.

274.    Placing the call violated MO Rev. 407.1104.

275.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

276.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

277.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL TWENTY-SIX

278.    On or about July 20, 2018 at 11:06 am, a telephone call was initiated to Plaintiff's residential telephone line at (636) 536-6446 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

279.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

280.    Placing the call violated MO Rev. 407.1098.

281.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

282.    The CallerID transmitted in the call was "536-6818 - UNKNOWN NAME".

283.    The number "536-6818" is not a number assigned to Defendant and is a disconnected telephone number.

284.    Placing the call violated MO Rev. 407.1104.

285.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

286.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

287.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

**CALL TWENTY-SEVEN**

288.    On or about August 7, 2018 at 4:32 pm, a telephone call was initiated to Plaintiff's residential telephone line at (636) 536-6446 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

289.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

290.    Placing the call violated MO Rev. 407.1098.

291.    The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

292.    The CallerID transmitted in the call was "875-4821 - TEBBE DEBRA".

293.    The number "875-4821" is not a number assigned to Defendant and is a disconnected telephone number.

294.    Placing the call violated MO Rev. 407.1104.

295.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

296.    Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

297.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

298.    Plaintiff or her representative requested a copy of the current Do Not Call Policy of Defendant and provided Plaintiff's full name and address.

299.    A copy of the current Written Do Not Call Policy as required under the TCPA of Defendant has not been sent to Plaintiff resulting in a violation of 47 C.F.R. 64.1200(d)(1).

## VIOLATIONS OF THE TCPA AND REGULATIONS

300.    That the telephone calls to Plaintiff made by Defendant constituted 28 violation(s) of the Federal Telephone Consumer Protection Act §227 and following and the regulations promulgated thereunder FCC (which amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et seq.) which provide for $500 statutory damages for each violation.

301.    The TCPA and regulations also provide for tripling of the statutory damages for each violation if the Court finds that the defendant willfully or knowingly violated the statute or the regulations prescribed.

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

## VIOLATIONS OF MISSOURI CHAPTER 407

302.    Placing the twenty-seven (27) calls violated MO Rev. 407.1076, which provide damages in the amount of up to $5,000 per violation.

303.    Placing each of the twenty-seven (27) calls violated MO Rev. 407.1098 which states No person or entity shall make or cause to be made any telephone solicitation to any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of such subscriber's objection to receiving telephone solicitations.  Chapter 407.1107 provides for up $5,000 in damages for each knowingly violation.

304.    Placing the call violated MO Rev. 407.1104, which provide damages in the amount of up to $5,000 per violation.

## COUNT TWO
### Injunctive Relief

305.    Count one is restated as if set forth herein.

306.    As provided by 47 U.S.C. §227(b)(3)(A) Defendants or their agent(s) should be permanently enjoined from violating the provisions of the TCPA.

WHEREFORE, Plaintiff, prays judgment against Defendants HOMEADVISOR, INC. in the amount of $270,000 (fifty-four (54) violations x $5,000) for violations of MO Rev. 407 and $42,000 (twenty-eight (28) violations x $1,500) for violations of the TCPA as provided by 47 U.S.C. 227 for total damages of $312,000, that Defendants be enjoined from making telephone calls in violation of the Missouri statutes and TCPA, plus Court costs and for such other and further relief as this Court deem proper.

_/s/  Max G. Margulis_
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 - Residential
F: (636) 536-6652 - Residential
E-Mail:  MaxMargulis@MargulisLaw.com

Electronically Filed - St Louis County - December 21, 2018 - 09:16 AM

## CERTIFICATE OF SERVICE

The undersigned verifies that the attorney named above signed the original of this document, and the original is maintained at the office of the attorney.  I hereby certify that a copy of the foregoing was sent to the Defendant HOMEADVISOR, INC. by the St. Louis County Sheriff.

/s/ Max G. Margulis



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARY ELIZABETH OTT | **Case Number:  18SL-CC04813** |
| Plaintiff/Petitioner:<br>MARILYN MARGULIS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>HOMEADVISORS INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

| |
|---|
| The State of Missouri to:  **HOMEADVISORS INC**<br>**Alias:** |

**120 SOUTH CENTRAL AVE**
**CLAYTON, MO  63105**

**SERVE REGISTERED AGENT**
**CT CORPORATION SYSTEM**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

__26-DEC-2018__
**Date**

_____ Clerk

**Further Information:**
**TLC**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                                Date                                                      Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE")**: A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

*SB 1-25*



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

**FILED**

JAN 23 2019

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

| | |
|---|---|
| Judge or Division:<br>MARY ELIZABETH OTT | Case Number: 18SL-CC04813 |
| Plaintiff/Petitioner:<br>MARILYN MARGULIS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 |
| Defendant/Respondent:<br>HOMEADVISORS INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Injunction | |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to:  HOMEADVISORS INC<br>**Alias:**<br>120 SOUTH CENTRAL AVE<br>CLAYTON, MO 63105 | |

SERVE REGISTERED AGENT
CT CORPORATION SYSTEM

*30 CTCOR*

JAN 10 2019

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

26-DEC-2018
Date

Further Information:
TLC

Clerk

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

**LCW – B. LOVE** _____ (name) **INTAKE SPECIALIST** _____ (title).

☐ other _____

Served at  **CT CORPORATION** _____ (address)

in  **St. Louis County**  (County/City of St. Louis), MO, on  **JAN 15 2019** (date) at  **9 A.M.** (time).

*LEISINGER*

Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

Date                              Notary Public

---

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.