**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARILYN MARGULIS and | ) | |
| MAX MARGULIS, | ) | |
| individually and on behalf of all | ) | |
| others similarly situated, | ) | |
| | ) | |
|      Plaintiffs, | ) | |
| | ) | |
| v. | ) | **No. 4:19-CV-00226-AGF** |
| | ) | |
| HOMEADVISOR, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
|      Defendants. | ) | |

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Marilyn and Max Margulis, individually and on behalf of all others similarly situated, bring this action against HomeAdvisor, Inc. and others, and state:

### NATURE OF THE ACTION

1.     This class action arises from "home improvement" telemarketing calls made by or on HomeAdvisor's behalf to Plaintiffs and other persons who had previously put Defendants and all other merchants on notice that they did not want such calls, and exercised their right to prevent such calls, by registering their telephone numbers on the National "Do Not Call" and Missouri Attorney General's "Do Not Call" registries.

2.     Defendants' conduct violates the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"), the Federal Communication Commission (FCC) regulations, 47 C.F.R. §64.1200, and the Missouri anti-telemarketing call laws, Mo. Rev. Stat. § 407.1098, which were passed for the express purpose of stopping unwanted telemarketing calls.

1

3.      Plaintiffs seek statutory damages and injunctive relief under the TCPA for themselves and a class of similarly-situated persons described below, and under the Missouri anti-telemarketing laws on behalf of the three classes of similarly-situated persons described below.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over the TCPA claims under 28 U.S.C. §1331 and 47 U.S.C. §227, and supplemental jurisdiction over the Missouri state law claims under 28 U.S.C. §1367(a).

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

6.      Plaintiff, Marilyn Margulis, is and at all relevant times was a citizen of the state of Missouri, residing in St. Louis County, MO.

7.      Plaintiff, Max Margulis is and at all relevant times was a citizen of the state of Missouri, residing in St. Louis County, MO.

8.      Defendant, HomeAdvisor, Inc. (hereinafter HomeAdvisor), is a foreign corporation located at 14023 Denver West Pkwy, Suite 100, Golden, CO 80401, that is registered to do business in Missouri. HomeAdvisor is a limited liability company formed under Ohio law, with its principal place of business at 4660 Duke Drive, Suite 300, Mason OH 45040. Among other things, HomeAdvisor telemarkets home remodeling services to consumers.

9.      HomeAdvisor's telemarketing efforts include making calls, and paying others to make calls or have calls made, to identify consumers who seek home improvement services, and

2

77146

then sending those consumers' contact information to service providers who pay HomeAdvisor a fee for the information.

10.     Defendants, John Does 1-10 will be identified through discovery, but are not presently known.

## THE TELEPHONE CONSUMER PROTECTION ACT

11.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. §227).

12.     Among other things, the TCPA makes it unlawful to make more than one telemarketing call within any 12-month period to a person in violation of FCC regulations that prohibit making any "telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 U.S.C. §64.1200(c)(2); and 47 U.S.C. §227(c)(3)(F) and (c)(5).

13.     A "telephone solicitation" is "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services."[1]

---

[1] Excepted from the definition of a "telephone solicitation" are calls or messages: (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization. 47 U.S.C. §227(a)(4). However, any claim of "prior express invitation or permission" to make such calls to a person "must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed." 47 C.F.R. §64.1200(c)(2)(ii).

77146

14.     Under FCC rules, both the entity that makes prohibited telephone calls, and the entity for whose benefit the calls are made, can be held liable for the calls. *In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6585-86 (¶30, ¶32) (2013); *In re Dialing Services, LLC*, 29 FCC Rcd. 5537, 5542-43 (¶15) (2014).[2] As the FCC explains:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, . . . suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*Dish Network*, <u>28 FCC Rcd at 6588</u> (¶37) (internal citations omitted).

15.     The FCC also holds an entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id* at 6574 (¶1).

16.     For example, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. *Id.* at 6586 (¶34). The FCC specifically

---

[2] According to the FCC, "a person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call." *Id.*  Such steps include, but are not limited to: (1) providing a software platform for making calls; (2) leasing or otherwise securing telephone connections for making calls; (3) purchasing call lists; (4) providing technical support; (5) reviewing and/or editing messages; (6) reviewing phone numbers to determine if they are valid; (7) transmitting the calling party's number to be displayed by the call recipient's caller identification services; (8) storing the prerecorded message on a server, or assisting in structuring the message; (9) playing a recorded message to a called party; (10) detecting whether a call is answered by a live person or by an answering machine; (11) providing reports of call history, results, and polling; and (12) dialing telephone numbers." *Id.* at 5543-44.

77146

described when telemarketer has apparent authority to make calls for a seller:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct.

*Dish Network*, 28 FCC Rcd at 6592 (¶46).

17.     Furthermore, FCC "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd 12391, 12397 (¶13) (1995). Conversely, the FCC rejects the assertion that a seller's liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Dish Network*, 28 FCC Rcd at 6587, n.107; *see also id.* at 6586 (¶32) ("the Commission could ultimately decide that 'on behalf of' liability goes beyond agency principles.").

18.      Finally, each violation of the TCPA's do-not-call prohibition renders the caller or party on whose behalf the call was made liable to the called party for up to $1,500 in statutory damages per call, plus injunctive relief. 47 U.S.C. §227(c)(5).

## THE MISSOURI NO CALL LAW

19.     Similar to the TCPA, Missouri prohibits telephone solicitations to residential phone subscribers who list their telephone numbers on the Missouri Attorney General's "no call" list. Mo. Rev. Stat. § 407.1098 ("No person or entity shall make or cause to be made any

telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101, of such subscriber's objection to receiving telephone solicitations.").

20.     A "telephone solicitation" includes any voice communication "for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3). A "residential subscriber" is "a person who, primarily for personal and familial use, has subscribed to residential telephone service, wireless service or similar service, or other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

21.     Missouri law also prohibits telephone solicitations to residential subscribers while knowingly using any method to block or circumvent the subscriber's caller ID service. Mo. Rev. Stat. § 407.1104(2) ("No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.").

22.     A person who receives more than one call violating §407.1098 or §407.1104 within a twelve-month period by or on behalf of the same person or entity may recover up to $5,000 in statutory damages for each knowing violation, plus injunctive relief. Mo. Rev. Stat. §407.1107(3).

## PLAINTIFFS' FACTUAL ALLEGATIONS

23.     Plaintiffs are residents of St. Louis County, Missouri, and have residential telephone service for telephone numbers (636) 536-6446, (636) 812-2131, and (636) 536-6678.

24.     At all times alleged here, the telephone numbers (636) 536-6446, (636) 812-2131, (636) 536-6678 were listed on the national "do not call" list.

25.     At all times alleged here, the telephone numbers (636) 536-6446, (636) 812-2131, (636) 536-6678 were listed on the Missouri A.G.'s "no call" list.

26.     Plaintiffs never gave HomeAdvisor prior express permission or invitation to call (636) 812-2131.

27.     Plaintiffs never gave HomeAdvisor prior express permission or invitation to call (636) 536-6446.

28.     Plaintiffs never gave HomeAdvisor prior express permission or invitation to call (636) 536-6678.

29.     Plaintiffs did not sign a written agreement authorizing advertising or telemarketing calls to be made to (636) 812-2131 by or on behalf of HomeAdvisor.

30.     Plaintiffs did not sign a written agreement authorizing advertising or telemarketing calls to be made to (636) 536-6446 by or on behalf of HomeAdvisor.

31.     Plaintiffs did not sign a written agreement authorizing advertising or telemarketing calls to be made to (636) 536-6678 by or on behalf of HomeAdvisor.

32.     Despite listing their residential telephone numbers on the national and Missouri do not call lists, and despite not giving HomeAdvisor prior express invitation or permission to make telemarketing calls to their residential telephone numbers, nearly thirty telemarketing calls were made to Plaintiffs' residential telephone numbers by or on behalf of HomeAdvisor between June and August 2018.

33.     Plaintiffs did not have an established business relationship with Defendants at the time of these calls.

34.     Defendants' calls harmed Plaintiffs by invading their privacy.

77146

35. Defendants' calls harmed Plaintiffs by trespassing upon their property interest in their telephone line.

36. Defendants' calls harmed Plaintiffs by violating their private, substantive rights.

**CALL ONE**

37. On or about June 29, 2018 at 2:07 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 536-6446. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

38. The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

39. The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

40. The CallerID transmitted in the call was "536-1091 - UNKNOWN NAME".

41. The number "536-1091" was not assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. § 407.1104(2).

**CALL TWO**

42. On or about June 30, 2018 at 3:52 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 536-6446. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

77146

43.     The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

44.     The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

45.     The CallerID transmitted in the call was "536-6322 - SALON BRANCA".

46.     The number "536-6322" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. § 407.1104(2).

**CALL THREE**

47.     On or about July 4, 2018 at 11:31 a.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 812-2131. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

48.     The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

49.     The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

50.     The CallerID transmitted in the call was "812-5570 - EXTERNAL CALL".

51.     The number "812-5570" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. § 407.1104(2).

77146

## CALL FOUR

52.     On or about July 4, 2018 at 12:30 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 536-6446. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

53.     The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

54.     The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

55.     The CallerID transmitted in the call was "536-3318 - UNKNOWN NAME".

56.     The number "536-3318" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. § 407.1104(2).

## CALL FIVE

57.     On or about July 4, 2018 at 4:12 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 536-6446. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

58.     The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

77146

59.     The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

60.     The CallerID transmitted in the call was "536-1979 - UNKNOWN NAME".

61.     The number "536-1979" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. § 407.1104(2).

**CALL SIX**

62.     On or about July 4, 2018 at 6:58 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 812-2131. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

63.     The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

64.     The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

65.     The CallerID transmitted in the call was "812-9734 - EXTERNAL CALL".

66.     The number "812-9734" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. § 407.1104(2).

**CALL SEVEN**

67.     On or about July 5, 2018 at 7:27 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 812-2131. On information and belief, the call was initiated by

or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

68.     The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

69.     The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

70.     The CallerID transmitted in the call was "812-4323 - EXTERNAL CALL".

71.     The number "812-4323" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. § 407.1104(2).

**CALL EIGHT**

72.     On or about July 6, 2018 at 9:25 a.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 536-6678. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

73.     The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

74.     The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

75.     The CallerID transmitted in the call was "536-3748 - UNKNOWN NAME."

77146

76.      The number "536-3748" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. § 407.1104(2).

**CALL NINE**

77.      On or about July 6, 2018 at 10:56 a.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 536-6678. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

78.      The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

79.      The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

80.      The CallerID transmitted in the call was "536-6335 - UNKNOWN NAME".

81.      The number "536-6335" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. § 407.1104(2).

**CALL TEN**

82.      On or about July 6, 2018 at 12:58 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 536-6446. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

77146

83.     The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

84.     The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

85.     The CallerID transmitted in the call was "536-2149 - UNKNOWN NAME."

86.     The number "536-2149" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. § 407.1104(2).

**CALL ELEVEN**

87.     On or about July 6, 2018 at 3:56 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 536-6678. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

88.     The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

89.     The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

90.     The CallerID transmitted in the call was "536-1048 - UNKNOWN NAME."

91.     The number "536-1048" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. § 407.1104(2).

77146

## CALL TWELVE

92.     On or about July 6, 2018 at 4:12 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 812-2131. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

93.     The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

94.     The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

95.     The CallerID transmitted in the call was "812-1947 - EXTERNAL CALL."

96.     The number "812-1947" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. §407.1104(2).

## CALL THIRTEEN

97.     On or about July 9, 2018 at 4:10 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 536-6446. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

98.     The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

77146

99.     The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

100.     The CallerID transmitted in the call was "536-7707 - HAIR SALOON FOR."

101.     The number "536-7707" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. §407.1104(2).

**CALL FOURTEEN**

102.     On or about July 9, 2018 at 4:44 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 812-2131. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

103.     The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

104.     The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

105.     The CallerID transmitted in the call was "812-1649 - DIEBERGS MARKE."

106.     The number "812-1649" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. §407.1104(2).

**CALL FIFTEEN**

107.     On or about July 9, 2018 at 6:45 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 812-2131. On information and belief, the call was initiated by

77146

or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

108.    The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

109.    The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

110.    The CallerID transmitted in the call was "812-1885 - FEDERAL STEEL."

111.    The number "812-1885" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. §407.1104(2).

**CALL SIXTEEN**

112.    On or about July 11, 2018 at 11:20 a.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 536-6446. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

113.    The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

114.    The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

115.    The CallerID transmitted in the call was "536-1325 - UNKNOWN NAME."

77146

116.     The number "536-1325" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. §407.1104(2).

**CALL SEVENTEEN**

117.     On or about July 11, 2018 at 3:10 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 812-2131. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

118.     The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

119.     The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

120.     The CallerID transmitted in the call was "812-1386 - DIERBERGS MARKE."

121.     The number "812-1386" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. § 407.1104(2).

**CALL EIGHTEEN**

122.     On or about July 11, 2018 at 4:36 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 536-6678. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

123.    The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

124.    The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

125.    The CallerID transmitted in the call was "536-7890 - UNKNOWN NAME."

126.    The number "536-7890" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. §407.1104(2).

**CALL NINETEEN**

127.    On or about July 12, 2018 at 12:38 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 812-2131. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

128.    The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

129.    The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

130.    The CallerID transmitted in the call was "812-5161 - EXTERNAL CALL."

131.    The number "812-5161" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. §407.1104(2).

77146

**CALL TWENTY**

132.    On or about July 12, 2018 at 5:40 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 812-2131. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

133.    The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

134.    The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

135.    The CallerID transmitted in the call was "812-1837 - BULL MOOSE TUBE."

136.    The number "812-1837" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. §407.1104(2).

**CALL TWENTY-ONE**

137.    On or about July 13, 2018 at 10:46 a.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 812-2131. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

138.    The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

139.     The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

140.     The CallerID transmitted in the call was "812-5287 - EXTERNAL CALL."

141.     The number "812-5287" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. §407.1104(2).

**CALL TWENTY-TWO**

142.     On or about July 14, 2018 at 5:05 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 812-2131. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

143.     The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

144.     The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

145.     The CallerID transmitted in the call was "812-1934 - EXTERNAL CALL."

146.     The number "812-1934" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. §407.1104(2).

**CALL TWENTY-THREE**

147.     On or about July 16, 2018 at 3:13 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 812-2131. On information and belief, the call was initiated by

21

or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

148.    The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

149.    The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

150.    The CallerID transmitted in the call was "812-1124 - EXTERNAL CALL."

151.    The number "812-1124" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. §407.1104(2).

**CALL TWENTY-FOUR**

152.    On or about July 17, 2018 at 3:44 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 812-2131. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

153.    The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

154.    The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

155.    The CallerID transmitted in the call was "812-1460 - DIERBERGS MARKE."

156.    The number "812-1460" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. §407.1104(2).

**CALL TWENTY-FIVE**

157.    On or about July 18, 2018 at 1:27 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 812-2131 by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

158.    The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

159.    The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

160.    The CallerID transmitted in the call was "1-303-963-7287 - HOME ADVISORS."

**CALL TWENTY-SIX**

161.    On or about July 20, 2018 at 11:06 a.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 536-6446. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

162.    The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

77146

163.    The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

164.    The CallerID transmitted in the call was "536-6818 - UNKNOWN NAME."

165.    The number "536-6818" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. §407.1104(2).

**CALL TWENTY-SEVEN**

166.    On or about August 7, 2018 at 4:32 p.m., a telephone call was initiated to Plaintiffs' residential telephone line at (636) 536-6446. On information and belief, the call was initiated by or on behalf of HomeAdvisor for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

167.    The call was made to this telephone number despite Plaintiffs having put the number on the national do-not-call list, and thus it violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

168.    The call was made to this telephone number despite Plaintiffs having put the number on the Missouri A.G.'s do-not-call list, and thus the call violated Mo. Rev. Stat. §407.1098.

169.    The CallerID transmitted in the call was "875-4821 - TEBBE DEBRA."

170.    The number "875-4821" is not a number assigned to HomeAdvisor and, instead, it was a disconnected telephone number. Thus, the call violated Mo. Rev. Stat. §407.1104(2).

171.    After determining Home Advisor was responsible for the calls, Plaintiff Max Margulis asked Home Advisor to make the calls stop.

172.    On July 30, 2018, Plaintiff Max Margulis received an email from Home Advisor that stated Home Advisor had put Plaintiffs' phone numbers, 636-812-2131 and 636-536-6678, on a "Do Not Call" list, and that apologized for "causing you these issues." Not long after receiving this email, the stream of telemarketing calls to Plaintiffs described above stopped.

173.    Home Advisor ratified the telemarketing calls made on its behalf by knowingly accepting the benefits of the calls when it accepted the callers' leads.

## **CLASS ACTION ALLEGATIONS**

174.    Plaintiffs bring this action individually and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23.

175.    Plaintiffs propose the following "National Do Not Call Class" definition, subject to amendment as appropriate:

> For the time period of February 15, 2015 through the date the Court rules on Plaintiffs' class certification motion, all natural persons within the United States: (a) who subscribed to a residential telephone number to which more than one call to encourage the purchase or rental of, or investment in, property, goods, or services was initiated by or on HomeAdvisor's behalf within a twelve-month period, (b) after the person's telephone number was listed on the national do-not-call list, and (c) for whom HomeAdvisor did not have a contract signed by the person before the calls were initiated.

176.    Plaintiffs propose the following "Missouri Do Not Call Class" definition, subject to amendment as appropriate:

> For the time period of February 15, 2015 through the date the Court rules on Plaintiffs' class certification motion, all natural persons in Missouri: (a) who subscribed to a residential or wireless telephone service to which more than one call to encourage the purchase or rental of, or investment in, property, goods, or services was initiated by or on HomeAdvisor's behalf within a twelve-month period, (b) after the person's telephone number was listed on the Missouri A.G.'s do-not-call list, and (c) for whom HomeAdvisor did not have a contract signed by the person before the calls were initiated.

177.    Plaintiffs propose the following "Missouri Caller ID Class" definition, subject to amendment as appropriate:

> For the time period of February 15, 2015 through the date the Court rules on Plaintiffs' class certification motion, all natural persons in Missouri: (a) who subscribed to a residential or wireless telephone service to which more than one call to encourage the purchase or rental of, or investment in, property, goods, or services was initiated by or on HomeAdvisor's behalf within a twelve-month period, (b) using a method to block or otherwise prevent the called person's "caller ID."

178.    Excluded from each class are Defendants, their employees and other agents, any vendor they used, any entities in which Defendants have a controlling interest, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family.

179.    Plaintiffs do not know the exact number of class members, but reasonably believe the class members number, at minimum, in the hundreds or thousands of people.

180.    Plaintiffs and all class members have been harmed by the acts and invasions of privacy caused by Home Advisor and its telemarketing agents.

181.    The joinder of all class members is impracticable due to the size and relatively modest value of each class member's individual claim.

182.    Resolving the claims in a class action will benefit to the parties and the Court by avoiding the need for multiple identical suits.

183.    The class members can be identified through records kept by HomeAdvisor and/or its telemarketing agents or lead generators.

184.    The class members' claims present common questions of law or fact, including, but not limited to:

      a.      Whether the calls at issue qualify as "telephone solicitations" under the TCPA and Missouri law;

77146

      b.      Whether Defendants' violations were willful or knowing;

      c.      The appropriate statutory damages per call to award for the violations; and

      d.      Whether Plaintiffs and the class members are entitled to injunctive relief.

185.    Plaintiffs' claims are typical of the claims of the class members' claims because they received telemarketing calls at their residential phone numbers despite having listed those telephone numbers on the national and Missouri do-not-call lists, and because the calls employed a mechanism to defeat their caller ID.

186.    Plaintiffs will fairly and adequately represent and protect the class members' interests.  Plaintiffs have no interests which are antagonistic to any class member.

187.    Plaintiffs have retained counsel experienced in handling class action claims involving violations of consumer protection statutes, including claims under the TCPA.

188.    A class action is the superior method for fairly and efficiently adjudicating this controversy.

189.    The case is manageable as a class action because all class members' claims are based on standardized telemarketing call campaigns.

190.    The class members have no significant interest in individually pursuing their claims against Defendants because the statutory damages in an individual action are relatively small, making individual litigation of the claims at issue largely infeasible. Furthermore, the small potential recovery in any individual litigation is not likely to deter Defendants from engaging in the same conduct in the future.

191.    Defendants have acted on grounds generally applicable to the class members, thereby making final injunctive relief appropriate with respect to the class members as a whole.

77146

192.     On information and belief, the TCPA violations alleged herein complained of are substantially likely to continue in the future in the absence of injunctive relief.

### COUNT ONE:
### LIABILITY FOR CALLS MADE IN VIOLATION OF
### 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiffs and the National Do Not Call Class)

193.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully stated herein.

194.     It is a violation of the TCPA to make more than one telephone solicitation by or on behalf of an entity within a 12-month period to a residential subscriber who has listed their telephone number on the national do not call registry. 47 U.S.C. § 227(c)(3)(F); 47 C.F.R. §64.1200(c)(2).

195.     Plaintiffs and the National Do Not Call Class members are residential subscribers to whom more than one telephone solicitation was initiated by or on behalf of HomeAdvisor within a 12-month period after the persons listed their telephone numbers on the national do not call registry.

196.     Each such violation renders Defendants liable to Plaintiffs and each National Do Not Call Class member for up to $1,500.00 in statutory damages, as well as an injunction against future calls. *See* 47 U.S.C. §227(c)(5).

### COUNT TWO:
### CALLS MADE IN VIOLATION OF MISSOURI'S NO CALL LAW
### Mo. Rev. Stat. 407.1098
### (On Behalf of the Missouri Do Not Call Class)

197.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully stated herein.

77146

198.     It is a violation of Missouri law to make more than one telephone solicitation within a twelve-month period to a Missouri residential or wireless subscriber who has listed their telephone number on the Missouri A.G.'s do not call registry. Mo. Rev. Stat. §407.1098.

199.     Plaintiffs and the Missouri Do Not Call Class members are Missouri residential or wireless subscribers to whom more than one telephone solicitation was initiated by or on behalf of HomeAdvisor within a twelve-month period after the persons listed their telephone numbers on the Missouri A.G.'s do not call registry.

200.     Each such call violates Mo. Rev. Stat. § 407.1098, rendering Defendants liable to Plaintiffs and each class member to up to $5,000 in statutory damages per violation. Mo. Rev. Stat. § 407.1107(3).

201.     Plaintiff and the Missouri Do Not Call Class members are also entitled to injunctive relief prohibiting such calls in the future.

**COUNT THREE**
**CALLS MADE IN VIOLATION OF MISSOURI'S NO CALL LAW**
**Mo. Rev. Stat. 407.1098**
**(On Behalf of the Missouri Caller ID Class)**

202.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully stated herein.

203.     It is a violation of Missouri law to make more than one telephone solicitation within a twelve-month period to a Missouri residential or wireless subscriber using a method to block or otherwise circumvent the called person's "caller ID" service. Mo. Rev. Stat. §1104(2).

204.     Plaintiffs and the Missouri Caller ID Class members are Missouri residential or wireless subscribers to whom more than one telephone solicitation was initiated by or on behalf of Defendant within a twelve-month period using a method to block or otherwise prevent the called person's "caller ID" from identifying the telephone number called from.

29

205.    Each such violation renders Defendants liable to Plaintiffs and each Caller ID Class Member for up to $5,000 in statutory damages per violation. Mo. Rev. Stat. §407.1107(3).

206.    Plaintiffs and the Missouri Caller ID Class Members are also entitled to injunctive relief prohibiting such calls in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests that the Court enter judgment in their favor and favor of the class members, and against Defendants, for:

a.    Statutory damages of up to $1,500 for each violation of the TCPA;

b.    Statutory damages of up to $5,000 for each violation of the Missouri No Call Law;

c.    An injunction barring future calls violating the law as described above;

d.    An order certifying this action as a class action under Federal Rules of Civil Procedure 23, appointing Plaintiffs as representatives of the class members, and appointing their lawyers as class counsel;

e.    An award of Plaintiffs' attorneys' fees, litigation expenses and costs of suit; and

f.    Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiffs demand a trial by jury.

77146

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606MO
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
P: (314) 932-7671
F: (314) 932-7672
E-Mail: cyrus@dashtaki.com

Keith J. Keogh
(MOED Bar No. 6257811IL)
Michael Hilicki (*pro hac vice to be filed*)
(Illinois Bar. No. 6225170)
KEOGH LAW, LTD.
55 W. Monroe St. Ste. 3390
Chicago, IL 60603
(312) 726-1092 / (312) 726-1093
Keith@keoghlaw.com
MHilicki@keoghlaw.com

*Attorneys for Plaintiffs*

77146