# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN MARGULIS and | ) | |
| MAX MARGULIS, individually and on | ) | |
| behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 4:19-cv-00226-SRC |
| | ) | |
| vs. | ) | |
| | ) | |
| HOMEADVISOR, INC., and JOHN | ) | |
| DOES 1-10, | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant HomeAdvisor, Inc.'s Motion to Compel Individual Arbitration and Enforce Class Action Waiver [30]. Plaintiffs oppose the Motion. For the reasons set forth below, the Court DENIES the Motion, without prejudice.

## I.    BACKGROUND

This case involves claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA) and Missouri's No-Call Law, Mo. Rev. Stat. § 407.1098. Plaintiffs Max and Marilyn Margulis allege that they received multiple unsolicited telemarketing calls from Defendant HomeAdvisor, Inc. or unidentified individuals acting on HomeAdvisor's behalf. After HomeAdvisor removed this case to federal court, Plaintiffs amended their Complaint to add class action allegations. HomeAdvisor subsequently filed the present Motion to Compel Individual Arbitration and Enforce Class Action Waiver. HomeAdvisor asserts that Plaintiffs consented to arbitrate this dispute with HomeAdvisor and agreed not to commence or maintain any class action against HomeAdvisor. Plaintiffs contend that they did not enter into contracts

1

with HomeAdvisor and therefore no such arbitration agreement or class action waiver exists.

Plaintiffs also request oral argument on HomeAdvisor's Motion.

## II.     STANDARD

"Arbitration agreements are governed by the Federal Arbitration Act ("FAA")." *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001).  The FAA provides that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.  There is a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).  Accordingly, "courts must place arbitration agreements on an equal footing with other contracts" and enforce them according to their terms. *Id.* However, "[a] matter should not be sent to arbitration unless there is a valid agreement to arbitrate and the underlying dispute falls within the scope of that agreement." *Northport Health Servs. of Arkansas, LLC v. Posey*, 930 F.3d 1027, 1030 (8th Cir. 2019) (quoting *Telectronics Pacing Sys., Inc. v. Guidant Corp.*, 143 F.3d 428, 433 (8th Cir. 1998)).  "While 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[,] … a party who has not agreed to arbitrate a dispute cannot be forced to do so.'" *Id.* (quoting *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001)).

## III.    DISCUSSION

HomeAdvisor moves to compel arbitration because—according to HomeAdvisor—Plaintiffs used HomeAdvisor's website and thereby agreed to HomeAdvisor's Terms and Conditions, which include an agreement to arbitrate.  Plaintiffs dispute that they ever consented to the Terms and Conditions or otherwise agreed to arbitration.  Thus, the threshold question this

Court must address is whether the Parties entered into a valid arbitration agreement. *Nebraska Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 741 n.2 (8th Cir. 2014).

### A. Motion to Compel Arbitration

The Eighth Circuit has instructed District Courts to analyze a motion to compel arbitration "under a standard akin to [a motion for] summary judgment." *Nebraska Mach. Co.*, 762 F.3d at 741. Accordingly, the Court must view the evidence in the light most favorable to the non-moving party, resolving all factual disputes in their favor. *Id.* at 743. The Court may not compel arbitration where any genuine issue of material fact remains as to whether a valid arbitration agreement exists. *Id.*

Applying this standard to the present Motion, the Court finds that HomeAdvisor has failed to demonstrate the absence of any genuine issue of material fact. HomeAdvisor has offered uncontroverted evidence that accounts were created on the HomeAdvisor.com website in the names of Marilyn and Max Margulis. Doc. 31-1 at ¶ 5; Doc. 51-1 at ¶ 4. HomeAdvisor has also submitted evidence showing that the person or persons who created the HomeAdvisor.com account in the name of Max Margulis accessed the website from the IP address 99.28.88.33. Doc. 51-1 at ¶¶ 4-6. Finally, HomeAdvisor has offered evidence that IP address 99.28.88.33 corresponds to an address in Chesterfield, Missouri with a ZIP code of 63017. *Id.* at at ¶¶ 7-10. But HomeAdvisor has not offered any evidence specifically linking the Plaintiffs to IP address 99.28.88.33.

In the summary judgment context, "[w]here the supporting evidentiary matter of the moving party reveals 'unexplained gaps' or where the truth is not certain, the movant has not sustained the burden of demonstrating the absence of genuine issue of fact." *Giordano v. Lee*, 434 F.2d 1227, 1231 (8th Cir. 1970). Here, HomeAdvisor has failed to connect Plaintiffs to the

IP address at issue. This "unexplained gap" in HomeAdvisor's proffered evidence leaves a genuine issue of fact as to whether Plaintiffs created the HomeAdvisor.com accounts and thereby agreed to the Terms and Conditions. Because at least one genuine issue of material fact remains,[1] the Court must deny HomeAdvisor's Motion to Compel Arbitration.

### B.    Summary Trial of Disputed Factual Issues

The FAA provides for a summary-trial procedure where the existence of an arbitration agreement is factually disputed:

> The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. … **If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.** If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose.

9 U.S.C. § 4 (emphasis added). Because the Court has found at least one genuine issue of fact regarding the making of a valid arbitration agreement between the Parties, this matter must proceed summarily to trial on the issue of contract formation. *Id.*; *see also Nebraska Mach. Co.*, 762 F.3d at 744.

The Eighth Circuit has observed that, in an appropriate case, "the [FAA's] summary trial can look a lot like summary judgment." *Id.* at 743. Although the Court has analyzed HomeAdvisor's Motion to Compel Arbitration under a summary-judgment standard, the present

---

[1] Having found one genuine issue of material fact, the Court need not and does not reach the question of whether any *additional* genuine fact issues remain. That question will be better addressed after the Parties have had opportunity to engage in fact discovery on the issue of contract formation, as set forth in this Order.

Motion was submitted and briefed without either party having the benefit of discovery.[2]  It may

be that, after a reasonable period of discovery, no genuine issues of material fact remain.

Accordingly, and in the interest of judicial economy, the Court denies HomeAdvisor's present

Motion to Compel Arbitration *without prejudice*.

The Parties will be allowed a reasonable period of time to engage in limited discovery

limited to the issue of contract formation and whether the Parties entered into a valid arbitration

agreement.[3]  After the discovery period, HomeAdvisor may submit a renewed motion to compel

arbitration.  If it chooses to do so, HomeAdvisor's renewed motion shall conform to the

requirements of Federal Rule of Civil Procedure 56 and Local Rule 4.01 pertaining to motions

for summary judgment, including this Court's requirement that the motion be accompanied by a

Statement of Uncontroverted Material Facts.  *See* Local Rule 4.01(e).  Similarly, Plaintiffs'

Response and any Reply by HomeAdvisor shall conform to the requirements of Rule 56 and

Local Rule 4.01.  If, by the deadline set forth below, HomeAdvisor does not file a renewed

motion to compel arbitration, then the Court will schedule this matter for summary trial in

accordance with the requirements of the Federal Arbitration Act, 9 U.S.C. § 4.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant HomeAdvisor, Inc.'s Motion to Compel

Individual Arbitration and Enforce Class Action Waiver [30] is DENIED, without prejudice.

---

[2] Upon the Parties' joint motion, Doc. 49, the Court delayed the Rule 16 discovery conference until after ruling on the present Motion to Compel Arbitration.
[3] HomeAdvisor has expressed concern that participating in litigation in this Court will risk waiving its right to arbitration.  *See* Doc. 49 at ¶ 4.  The limited scope of this discovery and trial (if necessary) should obviate those concerns.

**IT IS FURTHER ORDERED** that Plaintiffs' Request for Oral Argument on Defendant's Motion to Compel Individual Arbitration and Enforce Class Action Waiver [45] is DENIED, as moot.

**IT IS FURTHER ORDERED** that the Parties shall have ninety (90) days from the date of this Order to conduct limited discovery pertaining to the issue of contract formation and whether the Parties entered into a valid arbitration agreement.  Discovery shall proceed in the following manner:

(a)    The parties shall make initial disclosures related to contract formation and whether the Parties entered into a valid arbitration agreement as required by Fed. R. Civ. P. 26(a)(1) no later than <u>February 13, 2020</u>.

(b)    The limits of five (5) depositions per side, ten (10) interrogatories per side, not including subparts, ten (10) requests for production of documents per side, and twenty (20) requests for admissions per side shall apply.  Responses to interrogatories and requests for production shall be due within twenty-one (21) days of service.

(c)    All discovery shall be completed by no later than <u>April 29, 2020</u>.

(d)    Discovery motions shall be pursued in a diligent and timely manner, but in no event filed later than <u>April 29, 2020</u>.  Counsel shall refer to the undersigned's Requirements regarding discovery motions, which can be found on the Eastern District of Missouri's website.

**IT IS FURTHER ORDERED** that any renewed motion to compel arbitration, or motion for declaratory judgment that no valid arbitration agreement exists, shall be filed no later than <u>May 13, 2020</u>.  Any such motion shall conform to the requirements of Federal Rule of Civil Procedure 56 and Local Rule 4.01 pertaining to motions for summary judgment, including this Court's requirement that the motion be accompanied by a Statement of Uncontroverted Material

Facts.  *See* Local Rule 4.01(e).  Any brief in opposition shall be filed within twenty-one (21)

days and shall include a Response to Statement of Material Facts in accordance with Local Rule

4.01(e).  Any reply brief shall be filed within fourteen (14) days.

So Ordered this 31st day of January, 2020.

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**